UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIVERSITY OF CALIFORNIA STUDENT ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>DENISE CARTER, in her official capacity as Acting Secretary of Education, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00354-RDM |

**JOINT STATEMENT REGARDING AN ADMINISTRATIVE RECORD**

Pursuant to the Court's February 11, 2025 Minute Order, ECF No. 13, the parties respectfully provide the following statements:

*Plaintiff's Statement:*

This Court's February 11, 2025 Order directed the parties to "file a statement regarding what they anticipate including in the administrative record in this case." Plaintiff and Defendants appear to disagree as to the nature of the statement requested by this Court. Plaintiff understands the Court to be inquiring as to the content of the administrative record "in this case," whereas Defendants' position appears to be that this Court may resolve the pending motion, and a forthcoming motion to dismiss, without resort to an administrative record.

Plaintiff disagrees that it lacks standing and/or fails to state a claim and will address those arguments at the appropriate time. Plaintiff agrees that a certified administrative record is not generally necessary to rule on a motion for a temporary restraining order. *See Chef Time 1520 LLC v. Small Business Admin.*, 646 F. Supp. 3d 101, 110 (D.D.C. 2022) (recognizing that the administrative record requirement "cannot sensibly extend to a motion for a temporary restraining order"), Under Local Civil Rule 7(n), however, a certified list of the contents of the administrative record is required to be filed simultaneously with the filing of a dispositive motion, including a motion to dismiss. While there are circumstances in which the Court has waived that requirement, *e.g., Janay v. Blinken*, Civ. Action No.

1

23-3737 (RDM), 2024 WL 3432379, at *3 (D.D.C July 16, 2024), there are other instances where courts in this district have held that a motion to dismiss is premature without production of an administrative record, *see, e.g., Vargus v. McHugh*, 87 F. Supp. 3d 298, 301–02 (D.D.C. 2015) (citing W*alter O. Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)). Without knowing the Defendants' arguments, or the materials on which Defendants will rely in any dispositive motion, Plaintiff cannot opine on whether dispensing with Rule 7(n) would be appropriate in connection with Defendants' anticipated motion.

Nonetheless, the administrative record, which consists of materials of which only Defendants have knowledge, may be helpful to the Court in resolving such motions.

In other litigation challenging grants of access to Privacy Act and/or Internal Revenue Code-protected records by DOGE-affiliated individuals, however, the Government has provided declarations that indicate the sorts of information that would properly comprise an administrative record—i.e., the information before the agency at the time it made its decision to allow the alleged access. *See, e.g., New York v. U.S. Dep't of the Treasury*, No. 25-cv-1144-JAV (S.D.N.Y. Feb. 11, 2025), Dkt. Nos. 31–34. As Plaintiff does not know what records are in Defendants' possession, and because it is the Defendants' burden in the first instance to identify the contents of the administrative record, Plaintiff cannot list these documents with any specificity. While reserving the right to supplement this list should additional facts come to bear, Plaintiff believes the administrative record in this case would properly include documents relating to:

(1) the appointments, hiring authority, and position descriptions of DOGE-affiliated individuals[1] who were granted access to the ED records systems at issue;

(2) the establishment and structure of such records systems;

(3) the decision to, and manner in which, such access was granted to DOGE-affiliated individuals, including any "DOGE Process Engagement Plan" (including records relating to the

---

[1] Plaintiff cannot identify all "DOGE-affiliated individuals" at this time, but believes they include Elon Musk, all members of the DOGE "Agency Team," and any other individual employed by the U.S. DOGE Service.

security and access procedures required by ED's SORNs and regulations);

and

(4) any records of access to those systems by DOGE-affiliated individuals

*Defendants' Statement:*

Defendants intend to move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b) concurrently with their forthcoming opposition to Plaintiff's motion for a temporary restraining order, ECF No. 9. In that combined filing, Defendants will argue that Plaintiff lacks standing and that judicial review is unavailable under the APA. An administrative record is not necessary to resolve these threshold arguments, as judges of the D.C. Circuit and this Court have repeatedly recognized (particularly in the context of Local Rule 7(n)). *E.g.*, *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266-67 (D.C. Cir. 2001) (rejecting argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss); *Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2002) ("[T]he general practice in this Court" is to waive Local Rule 7(n) when "the administrative record is not necessary for [the court's] decision."); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving Local Rule 7(n) in case challenging agency action when dispositive motion at issue raised only threshold jurisdiction and failure to state a claim arguments); *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (similar, "because the Court need not consider the administrative record in evaluating the motions before it"); *Patterson v. Haaland*, 2022 WL 4534685, at *1 & n.2 (D.D.C. Sept. 28, 2022) (similar, "because consideration of the motion to dismiss does not require review of the administrative record"); *E. Atl. Servs. & Trading LLC v. Mayorkas*, 2024 WL 4332554, at *6 (D.D.C. Sept. 27, 2024) (waiving Local Rule 7(n) "because I do not rely on the administrative record to decide the motions at issue"). Defendants therefore respectfully submit that the Court can, and should, resolve the threshold arguments in Defendants' Motion to Dismiss before ordering the production of any administrative record.

Because this suit involves no final agency action, there is no administrative record underlying the disputed issues.

Dated: February 12, 2024

/s/ Adam R. Pulver
Adam R. Pulver (DC Bar #1020475)
Nandan M. Joshi (DC Bar # 456750)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Daniel A. Zibel (DC Bar No. 491377)
Alexander S. Elson (DC Bar No. 1602459)
Tyler S. Ritchie
   (DC Bar No. 90018119)
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495

*Counsel for Plaintiff*

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s/ Simon G. Jerome
SIMON G. JEROME
D.C. Bar. No. 1779245
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Twelfth Floor
Washington, D.C. 20005
Tel: (202) 514-2705
Email: simon.g.jerome@usdoj.gov

*Counsel for Defendants*