ATTACHMENT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| University of California Student Association,<br><br>Plaintiff,<br><br>v.<br><br>Denise Carter, in her official capacity as Acting Secretary of Education, et al.,<br><br>Defendants. | Civil Action No. 25-354 (RDM) |

**PLAINTIFF'S [PROPOSED] INTERROGATORIES, [PROPOSED] REQUESTS FOR PRODUCTION OF DOCUMENTS AND PROPOSED DEPOSITIONS**

Plaintiff University of California Student Association ("UCSA"), through their undersigned attorneys, propound the following Interrogatories, Requests for Production of Documents ("RFPs"), and Notices of Depositions to Defendants United States Department of Education and Denise Carter, in her official capacity as Acting Secretary of Education (collectively, "ED").

**DEFINITIONS AND INSTRUCTIONS**

The following definitions shall apply to the Interrogatories, Requests for Production, and Depositions pursuant to Fed. R. Civ. P. 30(b)(6), set forth below:

1. "Access" means obtaining or reviewing records in or from any Sensitive System.

2. "DOGE" refers collectively to the U.S. DOGE Service and U.S. DOGE Service Temporary Organization.

3. "DOGE Employee" refers to any individual who is employed by DOGE or otherwise works for DOGE (including detailees to DOGE and volunteers, if any), including any individual

employed by DOGE but detailed to one or more federal agencies and/or any individual who "plays a principal role in helping to advance the mission of President Trump's Executive Order 14,158," as described in ¶ 2 of the Supplemental Ramada Declaration.

4. "Identify" when used in connection with the term "individual" or "individuals" means to state the person's name, title, and employing agency.

5. "Sensitive System" refers to any electronic record or database maintained by, or under the control of, ED, that contains any item, collection, or grouping of information about an individual (including, but not limited to social security number, date of birth, driver's license number, citizenship, dependency status, veteran status, marital status, student loan account information, income and asset information, bank account numbers, or Federal Tax Information), and includes, without limitation, any "system of records" for which ED has published a "System of Records Notice" under the Privacy Act of 1974.

6. "Federal Tax Information" is any tax return or return information as defined in the Internal Revenue Code, 26 U.S.C. § 6103.

7. "Cloud Computing Service" means any third-party service or program that delivers computing services—including servers, storage, databases, networking, software, analytics, and intelligence—over the internet, including but not limited to Microsoft Azure and tools available through Microsoft Azure.

8. "Artificial Intelligence Program" means any third-party program that uses artificial intelligence technology, including but not limited to tools available through Microsoft Azure.

9. "Ramada Declaration" means the Declaration of Adam Ramada filed in *University of California Student Ass'n v. Denise Carter et al.*, No. 1:25-cv-354-RDM on February 13, 2025 at Dkt. No. 16-1.

10. "Supplemental Ramada Declaration" means the Supplemental Declaration of Adam Ramada filed in *University of California Student Ass'n*, No. 1:25-cv-354-RDM on February 16, 2025 at Dkt. No. 18-2.

11. "Flagg Declaration" means the Declaration of Thomas Flagg filed in *University of California Student Ass'n*, No. 1:25-cv-354-RDM on February 16, 2025 at Dkt. No. 18-1.

12. You are requested to serve responses to interrogatories and document requests at least four calendar days before the earliest date of any depositions.

13. With respect to the Requests for Production, if no documents exist that are responsive to a particular request, please state as such.

14. With respect to the Requests for Production, where only a portion of a document relates or refers to the subject indicated, the entire document is to be produced nevertheless, along with all attachments, appendices, and exhibits.

15. All documents produced in response to these Requests for Production shall be organized and labeled to correspond with the request to which they respond, and each response to these requests shall identify the documents being produced in response to each request by Bates stamp number or otherwise.

16. For each Interrogatory, identify all persons who provided information or otherwise assisted in preparing your response.

17. To the extent that any information called for by any Interrogatory is unknown to you, so state and set forth such information as is known to you. If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

18. If an objection to a Request or Interrogatory is based on a claim of privilege, attorney work product, or any other basis, please identify, contemporaneously with producing responses to these Requests and Interrogatories, in writing, each document so withheld by providing the following information: (i) the date or approximate date of the document; (ii) the type of document (e.g., letter, memorandum); (iii) a description of the subject matter of the document; (iv) each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof; (v) each and every person who received the document or any copy thereof; (vi) the present custodian(s) of each document; (vii) a list of attachments or enclosures to the document; and (viii) the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

19. Unless otherwise specified, the time period covered by these discovery requests is from January 20, 2025 until the present.

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. Identify each DOGE Employee who has Accessed, has been granted permission to Access, or has a pending request to Access, any Sensitive System, and for each, provide:

    a. The name of each Sensitive System to which the DOGE Employee has been granted Access;

    b. The job responsibilities of the DOGE Employee for which the Employee has been granted Access;

    c. The date that the DOGE Employee was granted permission to Access such Sensitive System;

    d. The identity of the individual(s) who authorized the DOGE Employee to Access such Sensitive System;

    e. With respect to each Sensitive System identified in response to this Request, whether such Sensitive System contains Federal Tax Information;

    f. The name and description of each training program the DOGE Employee was required to complete as a precondition of being granted Access to each Sensitive System; and

4

g. A summary of the actual usage of each Sensitive System by the DOGE Employee, including a description of the records reviewed, the purpose for which they were reviewed, any restrictions on the DOGE Employee's Access, and whether any records were modified, copied, shared or removed from a Sensitive System, and, if so, the identity of any person(s) with whom those records have been shared.

2. With respect to any individual identified in response to Interrogatory 1, provide a list of the federal agency or agencies, including the White House or Executive Office of the President, that such individual has been employed by or detailed to, since January 20, 2025.

3. Provide the name and a summary of the function of any third-party software that has been installed by, or caused to be installed by, any DOGE Employee on any ED computer, network, or system that is not ordinarily installed onto ED computers, networks or systems.

4. Provide the name and a summary of the function of any Cloud Computing Service or Artificial Intelligence Program that had or has Access to any records from any Sensitive System since January 20, 2025, and the security authorizations, instructions, or protocol that apply to that Cloud Computing Service or Artificial Intelligence Program.

5. Identify the circumstances under which information gathered from Sensitive Systems may be shared between (a) ED employees and DOGE Employees detailed to ED; and (b) any persons not employed by ED, such as DOGE Employees detailed to different agencies, DOGE Employees not detailed to any agency, employees at other federal agencies or within the White House Executive Office of the President, or individuals who are not government employees.

6. Describe in detail the circumstances in which any information gathered from Sensitive Systems since January 20, 2025 has been shared between (a) ED employees and DOGE Employees detailed to ED; and (b) any individual not employed by ED, such as DOGE Employees detailed to different agencies, DOGE Employees not detailed to any agency, employees at other federal agencies or within the White House Executive Office of the President, or individuals who are not government employees.

7. With respect to the individual who has "not yet completed ethics or information security trainings," as described in paragraph 9 of the Supplemental Ramada Declaration, state whether that employee has completed the referenced trainings, the names of those trainings, and the dates on which the trainings were completed, if at all.

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Any ethics, privacy, confidentiality, or information security training materials or documents provided to DOGE Employees on detail to ED, including but not limited to the information technology rules of behavior and user agreement for privileged users referenced in Ramada Declaration ¶ 7, Ramada Supplemental Declaration ¶ 9, and Flagg Declaration ¶ 7.

2. Any documents relied upon in granting DOGE Employees' access to Sensitive Systems.

5

3. Any written guidelines for DOGE Employees' access to Sensitive Systems.

4. Any certifications or access agreements signed by DOGE Employees or their supervisors in order to grant them access to Sensitive Systems.

5. All documents that Thomas Flagg relied upon or reviewed to support his statement that "only Department contractors and employees, including the four federal employees on detail to the Department to assist leadership with implementing the President's Department of Government Efficiency ("DOGE") Executive Order, number 14,158, have accessed Department information technology and data systems since January 20, 2025." Flagg Declaration ¶ 4.

6. All documents that Thomas Flagg relied upon or reviewed to support his statement that "individuals with access to Department systems that contain information potentially protected by the Privacy Act and section 6103 of the Internal Revenue Code (that is, Department employees and contractors) have not disclosed information protected by the Privacy Act or section 6103 of the Internal Revenue Code to individuals not employed by the Department in connection with the implementation of Executive Order 14,158." Flagg Declaration ¶ 5.

7. All documents that Thomas Flagg relied upon or reviewed to support his statement that the first employee affiliated with DOGE granted access to ED systems "met with Department personnel to review a 'Rules of Behavior' document . . . [and] was cleared and received a laptop and access to some Department systems." Flagg Declaration ¶ 7.

8. All documents describing or memorializing the onboarding processes or policies relating to privacy and information security for every DOGE Employee detailed to ED.

9. All documents that Thomas Flagg relied upon or reviewed to support his statement that, for each of the six DOGE employees described in his declaration, "access to specific systems depended on their specific need and expertise, and was not granted until they had completed their background validation with the Office of Personnel Security, completed the Rules of Behavior briefing and signature, received their Personal Identity Verification card, and received a laptop." Flagg Declaration ¶ 9.

10. All agreements covering the use of Cloud Computing Services or Artificial Intelligence Programs that had or have Access to records from any Sensitive System, and the security authorizations, instructions, or protocol that apply to that Cloud Computing Service or Artificial Intelligence Program.

**PLAINTIFF'S PROPOSED DEPOSITIONS**

Plaintiff seeks to depose declarants Adam Ramada and Thomas Flagg. Proposed notices of deposition are attached hereto. In addition, Plaintiff seeks a deposition of the Department of

Education under Federal Rule of Civil Procedure 30(b)(6), addressing the topics listed below.

Plaintiff proposes that each deposition last a maximum of two and a half hours.

30(b)(6) Topics

1. The security and privacy policies, procedures, practices, and protocols governing the access to, use of, and alterations to ED's Sensitive Systems and the information they contain, as of January 19, 2025 and between January 20, 2025 and the date of deposition.

2. The role and responsibilities of DOGE Employees working at ED between January 20, 2025 and the date of deposition, including their identities; their titles and the governmental entity by which they are employed; their access to and use of Sensitive Systems, including any relevant training they received; their authority with regard to ED staff; the supervision of DOGE Employees; and the policies, procedures, and protocols pertaining to their detailing to and activities at ED.

3. The use of Sensitive Systems by DOGE Employees between January 20, 2025 and the date of deposition, including: identifying which Sensitive Systems have been accessed and the scope and purpose of any access; whether DOGE Employees have installed, directly or indirectly, any software on ED systems and the nature, purpose, and functionality of any such software; whether DOGE Employees have used artificial intelligence software on data from ED systems; whether DOGE Employees have disseminated any information collected from Sensitive Systems to any non-ED or non-governmental person or organization, and the scope, purpose, and legal authority for any such dissemination.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| University of California Student Association,<br><br>            Plaintiff,<br><br>      v.<br><br>Denise Carter, in her official capacity as Acting Secretary of Education, et al.,<br><br>            Defendants. | Civil Action No. 25-354 (RDM) |

**NOTICE OF DEPOSITION**

**TO:**   Elizabeth J. Shapiro
U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20530

Simon G. Jerome
DOJ-CIV
1100 L St. NW
Room 12306
Washington, DC 20005

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 and 30, Plaintiff, by their attorneys, will take the deposition upon oral examination of Thomas Flagg before a notary public or other person authorized to administer oaths, beginning at [TIME] on [DATE] and continuing from no more than two and one-half hours. The deposition will be recorded by stenographic and audiovisual means and will be held at the Washington, D.C. offices of [TBD]. You are invited to attend and cross-examine.

1

/s/
Adam R. Pulver (DC Bar #1020475)
Nandan M. Joshi (DC Bar # 456750)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Daniel A. Zibel (DC Bar No. 491377)
Alexander S. Elson (DC Bar No. 1602459)
Tyler S. Ritchie
   (DC Bar No. 90018119)
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495

Dated: March [__], 2025

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| University of California Student Association,<br><br>    Plaintiff,<br><br>    v.<br><br>Denise Carter, in her official capacity as Acting Secretary of Education, et al.,<br><br>    Defendants. | Civil Action No. 25-354 (RDM) |

**NOTICE OF DEPOSITION**

**TO:**  Elizabeth J. Shapiro
U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20530

Simon G. Jerome
DOJ-CIV
1100 L St. NW
Room 12306
Washington, DC 20005

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 and 30, Plaintiff, by their attorneys, will take the deposition upon oral examination of Adam Ramada before a notary public or other person authorized to administer oaths, beginning at [TIME] on [DATE] and continuing from no more than two and one-half hours. The deposition will be recorded by stenographic and audiovisual means and will be held at the Washington, D.C. offices of [TBD]. You are invited to attend and cross-examine.

1

/s/
Adam R. Pulver (DC Bar #1020475)
Nandan M. Joshi (DC Bar # 456750)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Daniel A. Zibel (DC Bar No. 491377)
Alexander S. Elson (DC Bar No. 1602459)
Tyler S. Ritchie
   (DC Bar No. 90018119)
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495

Dated: March [__], 2025